**Electronically Filed
Intermediate Court of Appeals
30463
05-MAY-2011
08:49 AM**

NO. 30463

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ROBERT D. JERVIS, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTC-09-077007)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Robert D. Jervis (Jervis) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment filed on March 24, 2010 in the District Court of the First Circuit, Honolulu Division (District Court).[1] After a bench trial, Jervis was convicted of Excessive Speeding, in violation of HRS § 291C-105(a)(1) (2007 Repl.).

At trial, Jervis objected when Officer Russell Maeshiro (Officer Maeshiro) testified as to the reading of the laser speed gun used to track Jervis's speed, in part on grounds that Plaintiff-Appellee State of Hawai'i (State) failed to introduce into evidence the manual for the laser speed gun. The District Court overruled the objection.

---

[1] The Honorable Leslie Hayashi presided.

On appeal, Jervis raises one point of error, asserting that the "best evidence rule" was violated when the District Court allowed testimony about the laser gun manual, rather than requiring submission of the relevant portion of the manual itself. Jervis thus contends there was insufficient foundation for admission of the laser speed reading in this case.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Jervis's point of error as follows.

"When application of a particular evidentiary rule can yield only one correct result, the proper standard for appellate review is the right/wrong standard." Kealoha v. County of Hawai'i, 74 Haw. 308, 319, 844 P.2d 670, 676 (1993). In applying the best evidence rule in this case, we therefore review the issue on appeal de novo.

Pursuant to Rule 1002 of the Hawaii Rules of Evidence (HRE), "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute." HRE Rule 1002 (2010). In the instant case, Officer Maeshiro's testimony about the manual was not adduced to prove the contents of the manual, but rather to establish foundation for his testimony on the operation and speed reading of the laser gun. That is, his testimony referencing the manual was to show that his training and testing of the laser gun was based on the manufacturer's manual.

Because the purpose of Officer Maeshiro's testimony about the manual was not to prove the contents of the writing, HRE Rule 1002 does not apply. See Fireman's Fund Ins. Co. v. Stites, 258 F.3d 1016, 1023 (9th Cir. 2001) (best evidence rule did not apply where evidence was not offered to prove the content of a writing); Smith v. Atlantic Richfield Co., 814 F.2d 1481,

1486 (10th Cir. 1987) (holding that the best evidence rule was not violated where witnesses "did not testify in any detail to what was contained in the documents" which evidenced a federal agency's approval and instead simply testified that such approval existed); U.S. v. Carlock, 806 F.2d 535, 551 (5th Cir. 1986) (lay witness secretaries' testimony based on a work list was not to prove the contents of the list, but to show the list was not always followed); Lang v. Cullen, 725 F. Supp. 2d 925, 953-54 (C.D. Cal. 2010) (opinion testimony of experts quoting witness testimony and declarations to form the foundation of their opinions was not a violation of the best evidence rule, and any asserted deviation from the witness testimony or declarations should have been revealed in cross-examination).

The cases upon which Jervis relies are distinguishable. In each of the cases he cites, the content of the writing was directly at issue. See U.S. v. Bennett, 363 F.3d 947, 949 (9th Cir. 2004), cert. denied, 543 U.S. 950 (2004) (ruling that because content of GPS display was utilized to prove that defendant came from Mexico, the display itself was the best evidence and custom officer's testimony as to display violated best evidence rule); U.S. v. Humphrey, 104 F.3d 65 (5th Cir. 1997) (holding that judgment was the best evidence of prior successful civil action); Conway v. Consol. Rail Corp., 720 F.2d 221 (1st Cir. 1983), cert. denied, 466 U.S. 937 (1984) (proffered testimony that written rules and regulations did not contain any restriction on size of luggage aboard train was not the best evidence).

Even if it were presumed that Officer Maeshiro's testimony was offered to prove the content of the manual, the manual "is not closely related to a controlling issue" and thus

pertains to a "collateral matter".  See HRE Rule 1004(4).[2]
Further, as the State notes and Jervis does not dispute, Jervis
was allowed discovery for access to and a copy of the laser gun's
manual.  At trial, Jervis therefore could have cross-examined
Officer Maeshiro regarding his testimony about the manual, as
well as whether the laser gun manufacturer's recommended testing
and training was met to allow admissibility of the speed reading.

For all the foregoing reasons, we conclude that the
District Court did not err in allowing Officer Maeshiro to
testify about the manual and in not requiring admission of the
manual into evidence.  Consequently, the District Court did not
err in admitting into evidence the laser gun reading.  Jervis
does not otherwise argue that foundation was insufficient for the
laser gun reading.  Therefore,

IT IS HEREBY ORDERED THAT the Notice of Entry of
Judgment and/or Order and Plea/Judgment filed on March 24, 2010
in the District Court of the First Circuit, Honolulu Division, is
affirmed.

DATED:  Honolulu, Hawaiʻi, May 5, 2011.

On the briefs:

Earle A. Partington
(The Law Office of
  Earle A. Partington)
for Defendant-Appellant

Anne K. Clarkin
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

---

[2]  HRE Rule 1004(4) (2010) states:

Rule 1004.  ADMISSIBILITY OF OTHER EVIDENCE OF CONTENTS

  The original or a duplicate is not required, and other evidence of the
  contents of a writing, recording, or photograph is admissible if:

  . . .

  (4) Collateral matters.  The writing, recording, or photograph is not
  closely related to a controlling issue.